MH

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sonia Ann Rodriguez, | No.    CV-24-02549-PHX-JJT (CDB) |
| Plaintiff, | |
| v. | **ORDER** |
| Unknown McClellan, *et al.*, | |
| Defendants. | |

On September 24, 2024, Plaintiff Sonia Ann Rodriguez, who is confined in the Arizona State Prison Complex-Perryville, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and paid the filing and administrative fees.  Plaintiff subsequently filed two "Motions for Proof of Service to All Defendants."  In a January 15, 2025 Order, the Court dismissed the Complaint for failure to state a claim, denied the Motions as moot, and gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Court's Order.

On February 6, 2025, Plaintiff filed a Motion for Extension of Time.   On February 13, 2025, the Court granted the Motion for Extension of Time and gave Plaintiff 30 days from the filing date of the Order to file an amended complaint.  On March 10, 2025, Plaintiff filed a First Amended Complaint.  Seven days later, she filed a Second Amended Complaint (Doc. 11).  Plaintiff subsequently filed two Motions for Status (Docs. 12, 13).

. . . .

The Court will dismiss the Second Amended Complaint[1] with leave to amend and grant  the Motions for Status insofar as this Order provides an update on the status of Plaintiff's case.

## I.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

---

[1] Plaintiff's Second Amended Complaint superseded the First Amended Complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). The Court will dismiss Plaintiff's Second Amended Complaint for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

**II.    Second Amended Complaint**

In her three-count Second Amended Complaint, Plaintiff alleges claims based on her Sixth Amendment right to counsel, her First Amendment right to free speech, and her Fourteenth Amendment due process rights. Plaintiff names as Defendants Arizona Department of Corrections, Rehabilitation & Reentry (ADC) Director Ryan Thornell; Sergeant McClellan; Corporals Barreras and Williams; Lieutenants Adamu, Cole, and Batdof;[2] Captain Mario Duenas; Correctional Officers IV Michael D. Colburn, Christina Sena, and Eve Kelemen; Correctional Officers Ramirez, Alfred, Matoz, and Nitavidad; Resource Librarian Specialist Dwayne L. Russell; Assistant Deputy Warden Shannon Garcia; and Deputy Warden Anthony Jones. Plaintiff is seeking injunctive relief, declaratory relief, and money damages.

In **Count One**, Plaintiff alleges that her Sixth Amendment right to counsel was violated when Defendants McClellan, Barreras, Williams, Ramirez, Adamu, Matoz, Alfred, Cole, Batdof, Duenas, Colburn, and Garcia "prevented [and] interfered with [her] confidentiality with [her] counsel violating [her] Sixth Amendment right to be present when legal mail pertaining to a criminal matter is inspected and to petition the government

---

[2] This Defendant is also identified as Defendant "Batof."

1   for a redress of grievances and equal protection under the law" on various dates between
2   March 7 and September 22, 2024.[3]  (Doc. 11 at 6-9.)  Plaintiff also alleges that Defendants
3   Matoz, Alfred, Cole, Batdof, Duenas, Colburn, Jones, Russell, Sena, and Kelemen engaged
4   in such conduct "on other occasions."  (*Id.*)  According to Plaintiff, Defendant Thornell
5   "allow[s] his staff to prevent [and] interfer[e] with [Plaintiff's] confidentiality with [her]
6   counsel, violating [her] Sixth Amendment . . . right to be present when legal mail pertaining
7   to a criminal matter is inspected and to petition the government for a redress of grievances
8   and equal protection under the law."  (*Id.* at 8.)

9       In **Count Two**, Plaintiff alleges that she was retaliated against, in violation of the
10  First Amendment, when Defendants Russell, McClellan, Williams, Adamu, Ramirez,
11  Alfred, Cole, Nitavidad, Batdof, Duenas, Colburn, Sena, Garcia, Jones, Matoz, and
12  Kelemen "retaliated and unreasonably intruded, prevented, [and] interfered with
13  [Plaintiff's] confidentiality with" her counsel and the courts "by violating [her] First
14  Amendment right to petition the Government for a redress of grievances and equal
15  protection under the law" on various dates between March 7 and September 22, 2024.[4] (*Id.*
16  10-11.)  According to Plaintiff, Defendants Russell, Ramirez, Alfred, Cole, Batdof, Jones,
17  and Matoz engaged in such conduct "on other occasions," too.  (*Id.*)

18      In **Count Three**, Plaintiff asserts an access-to-courts claim, alleging that on various
19  dates between March 7 and September 22, 2024, Defendants Russell, Garcia, Duenas,

20  _____

21      [3] Specifically, Plaintiff alleges that her right to counsel was violated on the following
    dates in 2024 by the Defendants indicated: March 7 (Defendant Russell);
22  April 4 (Defendants McClellan, Barreras, Williams, Ramirez, Adamu, Matoz, and
    Colburn); April 10 (Defendants Alfred, Cole, and Duenas); April 11 (Defendant Colburn);
23  April 15 (Defendants Colburn and Jones); April 26 (Defendant Matoz); May 2 (Defendant
    Russell); May 13, 2024 (Defendant Garcia); May 22 (Defendant Sena); June 6 (Defendant
24  Russell); June 18 (Defendant Russell); August 22 (Defendant Batdof); and
    September 22 (Defendant Kelemen).  (Doc. 11 at 6-9.)

25      [4] Plaintiff alleges that she was retaliated against on the following dates in 2024 as
26  indicated: March 7 (Defendants Russell, Garcia, and Jones); April 4 (Defendants
    McClellan, Barreras, Williams, Adamu, and Ramirez); April 8 (Defendant Garcia); April
27  10 (Defendants Ramirez, Alfred, and Cole); April 11 (Defendant Colburn); April 15
    (Defendant Colburn); May 2 (Defendant Sena); May 6 (Nitavidad); May 13 (Defendant
28  Garcia); August 19 (Defendant Ramirez); August 22 (Defendant Batdof); August 23
    (Defendant Matoz); September 9 (Defendant Duenas); September 12 (Defendant Russell);
    and September 22 (Defendant Kelemen). (Doc. 11 at 10-11.)

Colburn, Sena, Adamu, Cole, Batdof, McClellan, Barreras, Williams, Matoz, Ramirez, Alfred, and Kelemen "violated [her] right to 'access of courts' and to pursue a legal claim(s)," "interfer[ing], intrud[ing], [and] hindering by violating [Plaintiff's] Fourteenth Amendment . . . right to 'access to the courts.'"[5] (*Id.* at 14-19.)  Plaintiff also alleges that Defendants Russell, Cole, Matoz, Ramirez, and Alfred engaged in such conduct "on other occasions" and that Defendant Jones violated her right to access the courts in the same way on an unspecified date.  According to Plaintiff, Defendant Thornell "allowed his staff" to violate Plaintiff's right to access the courts.

### III.    Failure to State a Claim

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived her of federal rights, privileges or immunities and (4) caused her damage.  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)).  In addition, a plaintiff must allege that she suffered a specific injury as a result of the conduct of a particular defendant and she must allege an affirmative link between the injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action.  *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.  *Id.*

Plaintiff's allegations are too vague and conclusory to state a claim.  Rather than identifying the specific *actions* taken by each particular Defendant, Plaintiff has merely

---

[5] Plaintiff alleges that her right to access the court was violated on the following dates in 2024 as indicated: March 7 (Defendant Russell); April 4 (Defendants Colburn, Adamu, McClellan, Barreras, Williams, Matoz, and Ramirez); April 10 (Defendants Duenas, Cole, Ramirez, and Alfred); April 11 (Defendant Colburn); April 15 (Defendant Colburn); April 26 (Defendant Matoz); May 2 (Defendant Sena); May 13 (Defendant Garcia); August 22 (Defendant Batdof); September 12 (Defendant Russell); and September 22 (Defendant Keleman). (Doc. 11 at 14-19.)

listed the date or dates on which each Defendant purportedly violated her rights.  This is not sufficient to state a claim.  Legal conclusions such as "interfer[ed] with [her] confidentiality," "violat[ed her] Sixth Amendment right," "retaliated and unreasonably intruded . . . by violating [her] First Amendment right," and "violated [her] right to 'access of courts' and to pursue a legal claim(s)" are not *facts*.  *See Iqbal*, 556 U.S. at 678.  In order to state a claim, Plaintiff must write short, plain factual statements telling the Court in precise terms what each Defendant did or failed to do.  For example, if Plaintiff believes that a defendant unlawfully read mail that was sent to her by her counsel in a criminal proceeding, she must not only identify the date on which the mail was read and the defendant who read it, but must also describe, in detail, the nature of the mail—including the identity of the sender, the legal matter to which it pertained, and any labels that appeared on the envelope—and the precise manner in which defendant handled the mail.  Because Plaintiff has not done this for any of the counts asserted in her Second Amended Complaint, the Court will dismiss the Second Amended Complaint with leave to amend.

**IV.     Leave to Amend**

For the foregoing reasons, the Court will dismiss Plaintiff's Second Amended Complaint for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a third amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a third amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the third amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Third Amended Complaint."  The third amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or prior Amended Complaints by reference.  Plaintiff may include only one claim per count.

A third amended complaint supersedes the original Complaint and prior Amended Complaints.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios*

1    *v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court
2    will treat the original Complaint and prior Amended Complaints as nonexistent.  *Ferdik*,
3    963 F.2d at 1262.  Any cause of action that was raised in the original Complaint or prior
4    Amended Complaints and that was voluntarily dismissed or was dismissed without
5    prejudice is waived if it is not alleged in a third amended complaint.  *Lacey v. Maricopa*
6    *County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

7        If Plaintiff files a second amended complaint, she should be aware that the Sixth
8    Amendment states that "[n]ot every restriction on counsel's time or opportunity to
9    investigate or consult with his client or otherwise to prepare for trial violates a defendant's
10   Sixth Amendment right to counsel." *Morris v. Slappy*, 461 U.S. 1, 11 (1983).  It is only
11   when a criminal defendant is substantially prejudiced by deliberate government
12   interference that the Sixth Amendment right to counsel is violated.  *Nordstrom v. Ryan*,
13   762 F.3d 903, 910 (9th Cir. 2014).

14       Plaintiff should also be aware that a viable claim of First Amendment retaliation
15   contains five basic elements: (1) an assertion that a state actor took some adverse action
16   against an inmate (2) because of (3) that prisoner's protected conduct, and that such action
17   (4) chilled the inmate's exercise of her First Amendment rights (or that the inmate suffered
18   more than minimal harm) and (5) did not reasonably advance a legitimate correctional goal.
19   *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *see also Hines v. Gomez*, 108
20   F.3d 265, 267 (9th Cir. 1997) (retaliation claim requires an inmate to show (1) that the
21   prison official acted in retaliation for the exercise of a constitutionally protected right, and
22   (2) that the action "advanced no legitimate penological interest").  The plaintiff has the
23   burden of demonstrating that her exercise of her First Amendment rights was a substantial
24   or motivating factor behind the defendants' conduct.  *Mt. Healthy City Sch. Dist. Bd. of*
25   *Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d
26   1310, 1314 (9th Cir. 1989).

27       Finally, Plaintiff should note that the right of meaningful access to the courts
28   prohibits officials from actively interfering with inmates' attempts to prepare or file legal

documents.  *Lewis v. Casey*, 518 U.S. 343, 350 (1996).  The right of access to the courts is only a right to bring petitions or complaints to federal court and not a right to discover such claims or even to litigate them effectively once filed with a court.  *Id.* at 354.  The right "guarantees no particular methodology but rather the conferral of a capability–the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts."  *Id.*  at 356.

As a matter of standing, for an access-to-courts claim, a plaintiff must show that she suffered an "actual injury" with respect to contemplated litigation.  *Id*. at 349.  To show actual injury with respect to contemplated litigation, the plaintiff must demonstrate that the defendants' conduct frustrated or impeded her from bringing to court a nonfrivolous claim that she wished to present.  *Id*. at 352-53.

"[T]he injury requirement is not satisfied by just any type of frustrated legal claim." *Id*. at 354.  The right of access to the courts "does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims."  *Id*. at 355.  The nonfrivolous claim must be a direct or collateral attack on the inmate's sentence or a challenge to the conditions of her confinement.  *Id*.  "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."  *Id*. (emphasis in original).

## V.     Warnings

### A.     Release

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of her release, either (1) notify the Court that she intends to pay the unpaid balance of her filing fee within 120 days of her release or (2) file a <u>non</u>-prisoner application to proceed in forma pauperis.  Failure to comply may result in dismissal of this action.

. . . .

. . . .

**B.      Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.      Possible "Strike"**

Because the Second Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a third amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**D.      Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)      Plaintiff's Motions for Status (Docs. 12, 13) are granted insofar as this Order provides an update on the status of this case.

(2)      The Second Amended Complaint (Doc. 11) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a third amended complaint in compliance with this Order.

. . . .

1        (3)    If Plaintiff fails to file a third amended complaint within 30 days, the Clerk

2    of Court must, without further notice, enter a judgment of dismissal of this action with

3    prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g)

4    and deny any pending unrelated motions as moot.

5        (4)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil

6    rights complaint by a prisoner.

7        Dated this 21st day of August, 2025.

8

9        Honorable John J. Tuchi
    United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Instructions for a Prisoner Filing a Civil Rights Complaint
### in the United States District Court for the District of Arizona

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4 provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.  The total fees for this action are $405.00 ($350.00 filing fee plus $55.00 administrative fee).  If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.  **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  *See* LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Unless you are an inmate housed at an Arizona Department of Corrections facility that participates in electronic filing, mail the original and one copy of the complaint with the $405 filing and administrative fees or the application to proceed in forma pauperis to:**

Revised 11/6/24

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona   85003-2119 | | Tucson, Arizona   85701-5010 |

7.   <u>Change of Address</u>.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.   <u>Certificate of Service</u>.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**
    A certificate of service should be in the following form:

    I hereby certify that a copy of the foregoing document was mailed
    this _____ (month, day, year) to:
    Name:   _____
    Address:_____
               Attorney for Defendant(s)

    _____
    (Signature)

9.   <u>Amended Complaint</u>.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint. LRCiv 15.1(a)(2).   **Any allegations or defendants not included in the amended complaint are considered dismissed.**   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.   <u>Exhibits</u>.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.   <u>Letters and Motions</u>.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  Completing the Civil Rights Complaint Form.

**HEADING:**

1.  Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

1.  Nature of Suit. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  Location.  Identify the institution and city where the alleged violation of your rights occurred.

3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.   You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.   Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.   After you have identified which civil right was violated, you must state the supporting facts.   Be as specific as possible.   You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.   State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.   You must exhaust any available administrative remedies before you file a civil rights complaint.   *See* 42 U.S.C. § 1997e.   Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)


Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

**CASE NO.** _____
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.  JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
    ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
    ☐ Other: _____.

2.    Institution/city where violation occurred: _____.

**550/555**

## B.   DEFENDANTS

1.   Name of first Defendant: _____. The first Defendant is employed as: _____ at_____.
                                   (Position and Title)                                                (Institution)

2.   Name of second Defendant: _____. The second Defendant is employed as: as: _____ at_____.
                                   (Position and Title)                                                (Institution)

3.   Name of third Defendant: _____. The third Defendant is employed as: _____ at_____.
                                   (Position and Title)                                                (Institution)

4.   Name of fourth Defendant: _____. The fourth Defendant is employed as: _____ at_____.
                                   (Position and Title)                                                (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.   PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.   If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

   a.   First prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
             _____.

   b.   Second prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
             _____.

   c.   Third prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
             _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.  State the constitutional or other federal civil right that was violated: _____
_____ .

2.  **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings          ☐ Property          ☐ Exercise of religion          ☐ Retaliation
☐ Excessive force by an officer          ☐ Threat to safety          ☐ Other: _____ .

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____ .

5.  **Administrative Remedies:**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                              ☐ Yes          ☐ No
    b.  Did you submit a request for administrative relief on Count I?          ☐ Yes          ☐ No
    c.  Did you appeal your request for relief on Count I to the highest level?          ☐ Yes          ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
_____ .

3

**COUNT II**

1.    State the constitutional or other federal civil right that was violated:  _____
_____.

2.    **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
   ☐ Basic necessities      ☐ Mail      ☐ Access to the court     ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property    ☐ Exercise of religion    ☐ Retaliation
   ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.    **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____.

5.    **Administrative Remedies.**
    a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☐ Yes   ☐ No
    b.    Did you submit a request for administrative relief on Count II?    ☐ Yes   ☐ No
    c.    Did you appeal your request for relief on Count II to the highest level?   ☐ Yes   ☐ No
    d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
_____.

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail              ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                        ☐ Yes      ☐ No
   b.   Did you submit a request for administrative relief on Count III?             ☐ Yes      ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level?   ☐ Yes      ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____ .


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____             _____
                                DATE                                          SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)


_____
(Attorney's address & telephone number)


### ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.